IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CORA H. ALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19CV00379 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANDREW SAUL, | ) | By: Hon. Glen E. Conrad |
| Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. Jurisdiction of this court is established pursuant to 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g).

The court previously referred this case to a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Standing Order 2019-6. On August 4, 2020, the magistrate judge submitted a report in which he recommends that the court affirm the Commissioner's final decision. Plaintiff has filed objections to the magistrate judge's report, and the matter is now ripe for the court's consideration.

The court is charged with performing a de novo review of the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1)(B). In the instant case, the court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that the plaintiff failed to meet the requirements for entitlement to benefits under the Title XVI. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d

640, 642 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and citation omitted). Thus, "the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Administrative Law Judge. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

The plaintiff, Cora H. Alley, was born on October 18, 1969. She did not graduate from high school but eventually earned a GED. (R. 81.) Ms. Alley has been employed as a factory assembler or "picker/packer," substitute teacher, receptionist, and patient attendant. (R. 81–82, 103–105, 244.) She last worked on a regular and sustained basis in 2013. (R. 81.)

On April 7, 2016, Ms. Alley protectively filed an application for supplemental security income benefits. (R. 219.) In filing her current claim, Ms. Alley alleged that she became disabled for all forms of substantial gainful employment on February 23, 2015, due to bipolar disorder, manic depressive disorder, major panic disorder, hallucinations, asthma, white blood cell disorder, and arthritis. (R. 242, 258.) Ms. Alley now maintains that she has remained disabled to the present time.

Ms. Alley's application was denied upon initial consideration and reconsideration. (R. 33.) She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 31, 2018, the Law Judge also determined, after applying the

five-step sequential evaluation process, that Ms. Alley is not disabled. See 20 C.F.R. § 416.920.[1]

The Law Judge found that Ms. Alley suffers from multiple severe impairments, including "fibromyalgia; osteoarthritis; obesity; chronic bronchitis and restrictive lung disease; status-post left ankle fractures and open reduction internal fixation (ORIF) surgery; mood disorder; panic disorder; and generalized anxiety disorder." (R. 36.) However, the Law Judge determined that these impairments do not, either individually or in combination, meet or medically equal the requirements of a listed impairment. (R. 38.) The Law Judge assessed Ms. Alley's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. [§] 416.967(b) except she can occasionally push and pull; never operate foot controls with the left lower extremity; occasionally climb ramps and stairs, balance, kneel, crawl, stoop, and crouch. The claimant should have no exposure to hazardous machinery; work at unprotected heights; climbing ladders, ropes, or scaffolds; or work on vibrating surfaces. She should avoid concentrated exposure to extreme temperatures, humidity, and pulmonary irritants. The claimant is able to understand, remember, and carry out simple instructions in repetitive, unskilled work; attend, persist, and concentrate in two-hour intervals with normal breaks as allowed by the employer; and complete a normal eight-hour day and 40-hour week. The claimant can have no more than occasional interactions with the general public, coworkers, or supervisors. However, she is able to respond appropriately to supervision, coworkers, and usual work situations.

(R. 41.) Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge determined that Ms. Alley is able to perform her past relevant

---

[1] The applicable evaluation process requires the Law Judge to consider, in sequence, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and (5) if not, whether she can perform other work in the national economy. 20 C.F.R. § 416.920(a)(4). "The claimant has the burden of proof for the first four steps, but at the final, fifth step the Commissioner bears the burden to prove that the claimant is able to perform alternative work." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). If a decision as to disability can be reached at any step in the process, further evaluation is unnecessary. 20 C.F.R. § 416.920(a)(4).

work as a picker/packer. (R. 58.) In the alternative, the Law Judge found that Ms. Alley retains the capacity to perform other light, unskilled jobs existing in significant number in the national economy. (R. 60.) Accordingly, the Law Judge concluded that Ms. Alley is not disabled and that she is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(f)–(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Alley has now appealed to this court.

As previously noted, the court referred the case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. In his report, the magistrate judge recommended that the court affirm the final decision of the Commissioner denying the plaintiff's claim for supplemental security income benefits. Succinctly stated, the magistrate judge determined that substantial evidence supports the Law Judge's decision in all relevant respects.

In her objections to the report and recommendation, Ms. Alley challenges the magistrate judge's findings and conclusions as to four issues raised in her motion for summary judgment. Ms. Alley first argues that the magistrate judge erred in concluding that substantial evidence supports the Law Judge's decision to assign little weight to the opinions of Chrystal Bishop, a nurse practitioner. On February 9, 2018, Ms. Bishop completed a form assessment of the plaintiff's physical ability to do work-related activities. (R. 727–30.) Ms. Bishop opined that the plaintiff can frequently lift ten pounds or less; stand and/or walk for less than two hours in an eight-hour workday; sit for four hours in an eight-hour workday; engage in limited pushing, pulling, handling, fingering, and reaching; and never climb, balance, kneel, crouch, or stoop. Ms. Bishop further opined that the plaintiff has environmental limitations, that she needs to rest

throughout the day, and that her impairments would cause her to be absent from work more than three times a month. Ms. Bishop did not cite to any particular clinical findings to support her conclusions. Instead, she simply wrote, "See notes." (R. 729–30.)

The magistrate judge correctly noted that, as a nurse practitioner, Ms. Bishop is not considered an "acceptable medical source" under the regulations applicable to the plaintiff's claim for benefits. See 20 C.F.R. §§ 416.902(a)(7) and 416.927(a)(1).[2] Instead, nurse practitioners fall within the category of "other sources." Kim D. v. Saul, No. 3:19-cv-00515, 2020 U.S. Dist. LEXIS 155560, at *9 (E.D. Va. Aug. 26, 2020) (quoting Social Security Ruling ("SSR") 06-03p, 2006 SSR LEXIS 5, at *4 (Aug. 9, 2006)). While evidence from other sources is not afforded the same weight as evidence from acceptable medical sources, evidence from other sources can be used to show the severity of an individual's impairments and how they affect the individual's ability to function. 2006 SSR LEXIS 5, at *4-5. When evaluating opinions from other sources, the Law Judge may consider a number of factors to determine the weight to accord such opinions. See 20 C.F.R. § 416.927(f)(1). To facilitate meaningful review, the Law Judge "should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [Law Judge's] reasoning." 20 C.F.R. § 416.927(f)(2).

In this case, the Law Judge specifically explained the weight that she afforded to Ms. Bishop's assessment. The Law Judge determined that the form assessment was entitled to "less weight" than the opinions of the state agency medical consultants, because it was "not well explained or supported" and was "not fully consistent with other evidence." (R. 57.) The Law Judge noted that "[p]hysical examinations documented by Ms. Bishop showed normal gait and

---

[2] The regulations were amended in 2017 to add "licensed advance practice registered nurse" to the list of acceptable medical sources, but the amendment applies only to claims filed on or after March 27, 2017. 20 C.F.R. § 416.902(a)(7).

comfortable appearance" and that "[o]ther physical examinations showed normal gait, normal strength and sensation, full range of motion, and intact reflexes." (R. 57.) The Law Judge also observed that the plaintiff described activities of daily living that were inconsistent with Ms. Bishop's assessment, such as cooking for her children and making plans to be the sole caretaker for her ailing mother. (R. 57.)

Upon review of the record, the court concludes that the Law Judge adequately explained her decision to afford lesser weight to Ms. Bishop's form assessment. The regulations expressly permit a Law Judge to assign weight to a medical opinion based on how consistent the opinion is with the record as a whole, and whether it has sufficient indicia of supportability in the form of an explanation and substantiating evidence. 20 C.F.R. § 416.927(c). Thus, the Law Judge clearly expressed legitimate reasons for discounting Ms. Bishop's assessment. Having reviewed the record in its entirety, the court is satisfied that substantial evidence supports the Law Judge's decision. The Law Judge accurately observed that Ms. Bishop's own examination reports do not contain objective findings indicative of significant physical limitations, and that Ms. Bishop noted on numerous occasions that the plaintiff appeared "comfortable" and ambulated with a "normal gait." (R. 469, 472, 475, 482, 489, 704, 707, 714.) The record also contains multiple reports from other practitioners reflecting normal musculoskeletal findings on physical examination, including full range of motion in all extremities, normal strength, and no focal motor deficits. (R. 322, 327, 405, 551, 628, 741, 744.) The court is convinced that the Law Judge's decision to discount Ms. Bishop's assessment is supported by substantial evidence. Accordingly, the plaintiff's first objection is overruled.

In her second objection, Ms. Alley contends that the magistrate judge erred in concluding that substantial evidence supports the Law Judge's assessment of her mental impairments and

associated functional limitations. Ms. Alley argues that the Law Judge's findings regarding her residual functional capacity ("RFC") did not sufficiently accommodate her noted difficulties in the areas of understanding, remembering, and applying information; maintaining concentration, persistence, and pace; and interacting with others. For the following reasons, the court is unable to agree.

Ms. Alley's argument is based on Social Security Ruling 96-8p, 1996 SSR LEXIS 5 (July 2, 1996), which describes how a claimant's RFC should be assessed. See Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015). The Ruling instructs the Law Judge to make "a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." 1996 SSR LEXIS 5, at *8. The Ruling further explains that the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id. at *19. "In other words, the [Law Judge] must both identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (second alteration in original) (internal quotation marks and citations omitted).

The United States Court of Appeals for the Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis" as required by the Ruling. Mascio, 780 F.3d at 636. Instead, the Court has explained that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). For example, in Mascio, the Law Judge credited the claimant's

7

diagnosis of an adjustment disorder and also found that she had moderate difficulties with concentration, persistence, or pace. 780 F.3d at 638. Nonetheless, the Law Judge "'ignor[ed] (without explanation) Mascio's moderate limitation in her ability to maintain her concentration, persistence, or pace' when he conducted the function-by-function analysis, and 'said nothing about Mascio's mental limitations' in the hypothetical posed to the vocational expert." Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020) (alteration in original) (citation omitted) (quoting Mascio, 780 F.3d at 633, 637). Because the Law Judge "gave no explanation" for these omissions, a remand was required. Mascio, 780 F.3d at 638.

The Fourth Circuit has since explained that Mascio "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." Shinaberry, 952 F.3d at 121. Instead, the decision underscored the importance of explaining how RFC findings adequately account for a claimant's work-related limitations. Id.; see also Mascio, 631 F.3d at 638 ("For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the claimant's] ability to work, in which case it would [be] appropriate to exclude it from the hypothetical tendered to the vocational expert."). Moreover, "[w]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." Shinaberry, 952 F.3d at 121 (internal quotation marks and citation omitted); see also Sizemore v. Berryhill, 878 F.3d 72, 80–81 (4th Cir. 2017) (rejecting argument that remand was required under Mascio where the opinions of the state agency psychologists supported the Law Judge's assessment of the claimant's residual functional capacity). Thus, "as

is usually true in determining the substantiality of evidence," a "case-by-case" inquiry is required. Shinaberry, 952 F.3d at 121 (internal quotation marks and citation omitted).

In this case, the Law Judge found that Ms. Alley is moderately limited in her ability to understand, remember, and apply information; maintain concentration and persistence; and interact with others; and that she is mildly limited in her ability to maintain an appropriate pace. (R. 39–40.) Nonetheless, the Law Judge concluded that, despite such difficulties, Ms. Alley retains the capacity to "understand, remember, and carry out simple instructions in repetitive, unskilled work; attend, persist, and concentrate in two-hour intervals with normal breaks as allowed by the employer; [] complete a normal eight-hour day and 40-hour week"; and "respond appropriately to supervision, coworkers, and usual work situations." (R. 41.) In assessing Ms. Alley's RFC, the Law Judge gave "significant weight" to the opinions of the state agency psychologists, Joseph Leizer, Ph.D., and Howard S. Leizer, Ph.D., both of which supported the Law Judge's RFC findings. (R. 56.) The psychologists rated Ms. Alley as having moderate limitations in the categories of "sustained concentration and persistence" and "social interaction." (R. 121, 133–34.) Nonetheless, both psychologists determined that Ms. Alley remains capable of making simple work-related decisions, following simple instructions, and sustaining an ordinary routine without special supervision.[3] (R. 121, 133.)

The Law Judge also determined that the mental RFC assessment was supported by other evidence in the record, including objective findings on examination. For instance, Ms. Bishop

---

[3] The plaintiff places great emphasis on the portions of the psychologists' reports indicating that "she can engage in brief exchanges with the general public and co-workers in a job that is primarily done in solitary." (R. 122, 134.) Although the Law Judge did not include this precise language in the RFC assessment, he expressly indicated that the plaintiff "can have no more than occasional interactions with the general public, coworkers, or supervisors." (R. 41.) This limitation is consistent with the psychologists' opinions, and the Law Judge was not required to adopt their opinions verbatim. See Reeves v. Comm'r of Soc. Sec., 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale.").

repeatedly noted that the plaintiff exhibited normal affect, good eye contact, appropriate mood, no thought disorder, and normal insight and judgment. (R. 434, 447, 469, 472, 475, 482, 769.) Although the plaintiff complained of worsening depression in December of 2016, Ms. Bishop reported that she actually appeared "much better than ever." (R. 482.) The record also reflects that the plaintiff's complaints of anxiety and hallucinations were effectively treated with prescribed medications. (R. 330.) More recent examination reports indicate that Ms. Alley denied experiencing hallucinations, anxiety, or depression, and exhibited normal psychiatric findings on examination. (R. 551, 740–41.)

Upon review of the record, the court is convinced that the Law Judge's assessment of the plaintiff's mental impairments and associated functional limitations is supported by substantial evidence. The Law Judge thoroughly reviewed Ms. Alley's treatment records and the opinion evidence. The Law Judge reasonably relied on the opinions of the state agency psychologists and other evidence in the record in concluding that, despite her non-exertional limitations, Ms. Alley retains the capacity to carry out simple instructions required for repetitive, unskilled work; maintain attention, persistence, and concentration over the course of an eight-hour workday with normal breaks; and engage in no more than occasional interaction with the general public, coworkers, and supervisors. Accordingly, remand is not required under Mascio or Social Security Ruling 96-8p, and the plaintiff's second objection is overruled.

In her third objection, Ms. Alley contends that the magistrate judge erred in concluding that substantial evidence supports the Law Judge's assessment of her physical impairments and associated functional limitations. In particular, Ms. Alley argues that the Law Judge failed to adequately address her alleged need to lie down during the day, or her alleged inability to maintain a static work posture, fully use her arms and hands, or more than occasionally reach or handle.

Upon review of the record, the court agrees with the magistrate judge that the Law Judge's assessment of the plaintiff's physical impairments and associated functional limitations is supported by substantial evidence. It is clear from the Law Judge's decision that she considered all of the plaintiff's claimed physical limitations, but found that such limitations were inconsistent with the examination findings, the course of treatment provided, and other evidence of record. (R. 43–44, 54.) The Law Judge noted that Ms. Alley's "overall treatment course . . . has been fairly static, consisting of medication management with adjustments from time to time," and that there is no evidence that Ms. Alley has pursued other recommended treatment options for fibromyalgia, such as aquatic therapy. (R. 54.) The Law Judge also noted that diagnostic imaging results pertaining to the plaintiff's hands, cervical spine, hips, and lumbar spine have revealed relatively mild abnormalities, and that the plaintiff has often exhibited a normal gait, intact motor strength, and full range of motion in all extremities. (R. 54–55.) The Law Judge's physical RFC findings were also supported by the opinion of a state agency physician, Dr. Bert Spetzler, who opined that the plaintiff's physical impairments are not so severe as to prevent performance of light work activity with certain postural limitations. (R. 132-33.) Having reviewed the record, the court concludes that the Law Judge adequately considered the plaintiff's claimed limitations, and that substantial evidence supports the Law Judge's evaluation of her physical residual functional capacity. Accordingly, the plaintiff's third objection is overruled.

In her final objection, Ms. Alley argues that the magistrate judge erred in concluding that the Law Judge's assessment of her subjective allegations is supported by substantial evidence. Ms. Alley maintains that the Law Judge "cherry-picked" evidence to support her conclusion that Ms. Alley's testimony and subjective complaints were not entirely credible. Upon review of the record, the court is unpersuaded.

11

The Law Judge determined that Ms. Alley's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms were not entirely consistent with the medical evidence and other evidence in the record. (R. 54.) The Law Judge provided a number of specific reasons for this determination. For instance, after discussing the plaintiff's overall treatment course for fibromyalgia, the Law Judge noted that even when she presented with positive tender points or fatigue, "she otherwise appeared alert, pleasant, in no acute distress, and appropriately interactive, with normal gait, intact motor strength, and full range of motion." (R. 54.) The Law Judge also cited to the relatively mild diagnostic findings associated with the plaintiff's osteoarthritis and emphasized that "there appears to be no evidence of significant motor, sensory, or reflex loss." (R. 55.) The Law Judge further observed that Ms. Alley's respiratory symptoms are managed with routine medications and that she was found to have only mild swelling and minimal tenderness after undergoing surgery on her left ankle. The Law Judge also noted that Ms. Alley's mental health issues existed "well before the alleged onset date, without persuasive evidence of any sustained deterioration since that time," and that her conditions were found to be "stable" or "fairly stable" at her final appointment with a psychiatrist in 2016. (R. 56.) Additionally, more recent examination reports reflect normal psychological findings. (R. 469, 475, 482, 489, 551, 566, 574, 769.)

Upon review of the record, the court is unable to discern any reversible error in the Law Judge's credibility findings. The Law Judge carefully considered Ms. Alley's medical history along with her allegations regarding the symptoms of her impairments. The court agrees that the plaintiff's allegations of totally disabling symptoms are somewhat inconsistent with her overall treatment history, the findings on examination, and the complaints documented in the treatment records. Ultimately, it is the province of the Law Judge to make credibility determinations and to

resolve inconsistencies or conflicts in the evidence.  See Johnson, 434 F.3d at 653.  In Ms. Alley's case, the court is satisfied that substantial evidence supports the Law Judge's decision not to fully credit her testimony.  Consequently, the court must overrule the plaintiff's final objection.

In sum, after a de novo review of the record and for the reasons set forth above, the court is constrained to conclude that the final decision of the Commissioner is supported by substantial evidence.  Accordingly, the plaintiff's objections to the magistrate judge's report are overruled, the magistrate judge's recommendation will be adopted, and the final decision of the Commissioner will be affirmed.

The Clerk is directed to send a copy of this memorandum opinion to all counsel of record.

DATED: This __24th__ day of September, 2020.

_____
Senior United States District Judge